us, and particularly the opposing statements of the plaintiff's chief witness, we are unable to say that the justice erred in finding for the defendant upon the facts.

Judgment affirmed, with costs. All concur.

---

(20 Misc. Rep. 544.)

### DURYEA et al. v. RAYNER.

(Supreme Court, Appellate Term. July 1, 1897.)

1. BURDEN OF PROOF—INSTRUCTIONS.

In an action for damages for refusal to accept goods sold, where there is no question of an affirmative recovery by defendant, it is error to charge the jury that, in order to recover, the defendant must show by proof, satisfactory to them, that the allegations of the answer, as to the terms of the contract and the reasons for refusing to take the goods, are true, since such instruction puts the burden of proof on the defendant, instead of the plaintiff.

2. SALE—REFUSAL TO ACCEPT—DAMAGES.

In an action by the seller for damages for refusal to accept goods, a complaint which sets up the contract, the plaintiff's readiness and ability to perform, and defendant's refusal to accept, with a general allegation of damage, is sufficient, and will let in proof of damage by depreciation in market price.

Appeal from city court of New York, general term.

Action by Duryea, Watts & Co. against Julius Rayner. From a judgment for plaintiff (45 N. Y. Supp. 1138, mem.), defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Robert J. Mahon, for appellant.

L. B. Bunnell, for respondent.

BISCHOFF, J. The action was for damages sustained by the plaintiff, the seller, because of the defendant's refusal to accept delivery of certain car loads of flour under an entire oral contract of sale. One car load was accepted, and the defendant refused to accept the remainder, claiming that the goods were not of the quality called for by the agreement, a counterclaim also being interposed for the amount of loss suffered by the defendant because of his acceptance of this portion of the flour. This counterclaim was not supported by proof, and the issue, as finally submitted to the jury, was whether or not the refusal to accept was justified. If not justified, the plaintiff's right of recovery of the amount claimed was apparently indisputable, since there was no contradiction as to the loss sustained because of a decline in the price of the goods between appropriate periods, as proven. At least, the question of damages was so submitted to the jury without objection; but, after the trial justice had fully charged upon the issues, a number of requests to charge were submitted by the plaintiff, and one of these, charged under exception by the defendant, was clearly erroneous and prejudicial. As thus framed, the charge was:

"That to entitle the defendant to recover he is bound to show by proof satisfactory to them [the jury] that the allegations of the answer, in respect to the

terms of the contract, and the reasons for refusing to take the remaining five car loads of flour, are true."

There being no question of an affirmative recovery by the defendant in the case, this instruction operated to place the burden of proof upon him to disprove the plaintiff's essential allegations as to the terms of the contract, and as to its breach.   The mere statement suffices to show the error committed, since it is superfluous to cite authorities to the proposition that the plaintiff's case must be proven by the preponderance of the evidence, and that the defendant, after interposing a general denial, is under no obligation to disprove that case.

We note that a point was made by the defendant upon this trial as to the insufficiency of the complaint, and, since the question may be raised at the next trial, we should perhaps consider it now.   The complaint set forth the contract, the plaintiff's readiness and ability to perform, and the defendant's refusal to accept, coupled with a general allegation of damage.   Here, then, there was a cause of action alleged for the breach of the contract; but, because there was only a general averment of damage, it was claimed for the defendant that the pleading was insufficient, in that it was not made to appear that damages had accrued.   The contention proceeds upon the failure of the complaint to state which one of the seller's three remedies (Dustan v. McAndrew, 44 N. Y. 72) was sought to be invoked, and that, if the plaintiff had been put to a loss because of depreciation in the market price of the goods, he should have alleged the fact that there was such depreciation.   That this complaint set forth a cause of action was held by the late court of common pleas when the question came up in the matter of an attachment (Duryea v. Rayner, 11 Misc. Rep. 294, 32 N. Y. Supp. 247); and we find no reason for adopting any different view.

It may well be that the defendant could have moved for a bill of particulars, or that the complaint be made more definite and certain, but enough was alleged to support proof of the actual damage, such as was here offered, these damages not being special, but simply general, damages, in one of three aspects.   2 Sedg. Meas. Dam. § 753 et seq.; 2 Suth. Dam. § 647; 1 Suth. Dam. § 52.   The case of Thompson v. Gould, 16 Abb. Prac. (N. S.) 424, appears to express a contrary view; but this adjudication was at special term, has not apparently been followed, and the argument is not found to be persuasive, since the presumption of damages arising from the breach of the contract was sufficient to render the complaint in that case proof against demurrer. 1 Suth. Dam. § 9.   As has been said, however, a new trial must be had, because of the error noted in the course of the instructions to the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.