TOBIAS L. ROSE, Respondent, *v.* HARRISON WELLS, Appellant.

*Contract of sale — breach of warranty — charge as to the burden of proof — a letter written by a third party is not evidence — rule as to damages.*

Where, in an action to recover the contract price of a carload of cabbages, alleged to have been sold by the plaintiff to the defendant, at the price of seven dollars and fifty cents per ton, the defense is interposed, in addition to a general denial, that the plaintiff guaranteed them to be first quality, whereas they were in fact poor and unmerchantable, and that the plaintiff agreed that if the cabbages sold for less than seven dollars and fifty cents the plaintiff would stand the loss, it is erroneous for the court, in response to a request by the defendant to charge "that the burden of proof is upon the plaintiff in this case to prove the contract of sale and delivery of the cabbage, as claimed by him," to charge that "the burden of proof is upon the defendant to show that the arrangement was as claimed by the defendant if they find such a one was made."

In such a case a letter, stating that the cabbages were "poor stock and in bad shape," written by certain consignees of the cabbages to their consignors and by the latter sent to the defendant, who exhibited it to the plaintiff, is inadmissible as hearsay.

The measure of damages applicable in this case, considered.

APPEAL by the defendant, Harrison Wells, from a judgment of the County Court of Cortland county in favor of the plaintiff, entered in the office of the clerk of the county of Cortland on the 26th day of May, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 17th day of June, 1897,

denying the defendant's motion for a new trial made upon the minutes.

The action was commenced in a Justice's Court, and the justice having rendered judgment in favor of the plaintiff, the defendant appealed to the County Court and demanded a new trial.

*Kellogg & Van Hoesen,* for the appellant.

*Irving H. Palmer,* for the respondent.

LANDON, J.:

The plaintiff alleged the sale and delivery of a carload of cabbages to the defendant at $7.50 per ton, amounting to $116, and has recovered that sum.

The defendant, besides making a general denial, alleged that he promised and agreed to buy a carload of cabbages of the plaintiff at seven dollars and fifty cents per ton, provided they were first quality in every respect, and said to the plaintiff that he had not seen the cabbages, and if the cabbages sold for less than seven dollars and fifty cents per ton the plaintiff was to stand the loss, to which the plaintiff agreed; that the cabbages were in fact poor and unmerchantable, in consequence of which the defendant only received forty-seven dollars and four cents therefor.

The contract was made over the telephone, the plaintiff being at East Homer, N. Y., and the defendant at Cortland, N. Y. The defendant, at the same time, gave the plaintiff directions to ship the car of cabbages from East Homer to E. F. Lynch & Co., Pittsburg, Pa., which the plaintiff immediately did. The defendant never saw the cabbages. He subsequently received only forty-seven dollars and four cents from his consignees. The plaintiff himself testified that he guaranteed the cabbages to be all right, or guaranteed the stock.

The evidence was conflicting upon the issue whether the price was absolute or conditional upon what defendant should get for the cabbages, and also whether the cabbages corresponded with the guaranty.

We are asked to set the verdict aside as against the clear weight of the evidence, but upon the evidence the question was for the jury.

The defendant asked the court to charge the jury " that the burden of proof is upon the plaintiff in this case to prove the contract of sale and delivery of the cabbage as claimed by him."

" The Court: The burden of proof is upon the defendant to show that the arrangement was as claimed by the defendant, if they find such a one was made."

This was an error too serious to be disregarded. (*Llunt* v. *Barrett*, 124 N. Y. 117.)

The defendant asked the court to charge " that if the jury finds that the contract is as claimed by the plaintiff, and that there was an acceptance and delivery, that they must also find in addition to that that the cabbage were warranted and guaranteed by the plaintiff; and if they were not as guaranteed and warranted by the plaintiff, the plaintiff cannot recover.

" The Court: I decline to charge other than as I have charged upon that."

The plaintiff was entitled to recover forty-seven dollars and four cents upon defendant's evidence, and, therefore, this request as a whole was too broad.

It was not error to exclude from evidence the letter written by the consignees of E. F. Lynch & Co. to the latter and by them sent to defendant, who exhibited it to plaintiff and at the same time tendered him forty-seven dollars and four cents, which plaintiff refused. This letter contained an account of the sale of the cabbages in Pittsburg, and stated that the market was dull and the cabbages " poor stock and in bad shape," and, therefore, the greater part of them had to be sold for so little, with a net result to the consignors of only forty-seven dollars and four cents.

This declaration of a third party, made after the contract between plaintiff and defendant, could not affect the plaintiff, unless he in some way accepted or admitted it. He did neither, but repudiated it, and refused the tender of payment because the amount was too small.

It does not appear from the record or otherwise that the answer of Charles Cannon, a witness examined upon commission, to the fourth interrogatory had reference to the cabbages in question, and, therefore, its exclusion was not error.

This case has been tried three times, and as we must order a new

trial upon the ground of the error as to the burden of proof, we think it proper to say, if the plaintiff's version of the case is true, that there was a sale of the cabbages at seven dollars and fifty cents per ton, with warranty of their condition — that is, that they were in fair merchantable condition, not poor or damaged stock, and if there was a breach of the warranty the defendant was entitled to set off against the contract price his damages caused by such breach of the warranty. The warranty was pleaded and the plaintiff testified that he warranted the stock.

If the defendant's version of the case is true, then he bought the cabbages relying upon the warranty, at the price of seven dollars and fifty cents per ton if he should sell them for a price yielding him not less than that sum. If, however, from breach of warranty or dullness of the market the cabbages should yield him less than seven dollars and fifty cents, he was to pay the plaintiff whatever he received and no more.

It was the price not the sale that was conditioned and dependent upon the warranty, provided, however, the price should yield the defendant less than seven dollars and fifty cents. The acceptance by the defendant of the cabbages without seeing or inspecting them was no waiver of the warranty, since both parties understood that he was not to see or inspect them.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concurred.

Judgment and order reversed, new trial granted, costs to abide the event.