light of the plaintiff's representation of her age, if found to have been made, the defendants were negligent when violating the statute; the fact of negligence through the violation being, as noted, for the jury to decide, in connection with all the circumstances of the case. The charge as quoted simply related to the bearing of the plaintiff's representation upon the fact of the defendants' compliance with the statute, and so far it was not erroneous; but the defendants did not present the point to the court that the statement of her age by the plaintiff should be considered upon the question of negligence, the words of counsel being only, "I except to that part of your honor's charge in which you said her writing her age did not excuse the defendants." The correct proposition being that the defendants were not, as matter of law, to be deemed excused, but that the plaintiff's statement of her age might be considered upon the question of negligence, this exception, accompanied by no suggestion of a modification of the charge, cannot properly be deemed sufficient present error to justify a reversal of the judgment.

We conclude that the judgment should be affirmed, with costs. All concur.

---

(50 Misc. Rep. 345)

### ROSENSTEIN v. CASEIN MFG. CO.

(Supreme Court, Appellate Term. April 24, 1906.)

1. SALES—ACTION FOR PRICE—BURDEN OF PROOF.

Where, in an action for goods sold by sample, the buyer pleaded the general issue, and alleged that the goods fell below the sample, the seller had the burden of proving that the goods delivered were equal to the sample.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 1047.]

2. SAME—ISSUES AND PROOF.

In an action for the price of goods sold by sample, the buyer pleaded the general issue, and alleged that the goods fell below the sample. The evidence of the buyer was to the effect that the goods fell below the sample, and part of them were practically worthless. *Held* that, in the absence of evidence that the seller delivered goods equal to the sample, there could be no recovery, though defendant's evidence was disregarded.

Appeal from City Court of New York, Trial Term.

Action by Max H. Rosenstein against the Casein Manufacturing Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Gillespie & O'Connor (George J. Gillespie and William F. Delaney, of counsel), for appellant.

Engel, Engel & Oppenheimer (J. B. Engel, of counsel), for respondent.

SCOTT, P. J. The plaintiff sued for goods sold and delivered, alleging the sale and delivery of 39 barrels of a certain manufactured product known as "casein." The defendant, denying the contract set forth in the complaint, alleged an agreement for sale by sample; that 39 barrels were received; that they did not conform to the sample; and that

they were for that reason rejected. A counterclaim was also pleaded for freight paid on the barrels received. At an early stage of the trial the plaintiff conceded, and, indeed, the evidence clearly showed, that the sale had been by sample, and the only point litigated was whether or not the merchandise delivered came up to the sample. The only evidence upon that point was that which was given by the defendant, and it was all to the effect that the casein in 34 out of the 39 barrels fell below the sample, and was practically worthless. The learned justice in the course of his charge instructed the jury as follows:

"The burden of proof, ordinarily, in a case for goods sold and delivered is upon the plaintiff; but in an action of this character, where the defense is that the goods are not up to sample, the burden shifts from the plaintiff to the defendant, and it becomes the duty of the defendant to satisfy you, by a fair preponderance of the evidence, that the goods were not up to sample."

This was duly excepted to, as was the court's refusal to charge that it was the duty of the plaintiff to establish that the goods delivered by him were up to sample, under which the sale was had, and the charge and refusal to charge are now called in question as reversible errors.

The charge in the particular noted was obviously erroneous, and cast upon the defendant a burden which it was not called upon to bear. Duryea, Watts & Co. v. Rayner, 20 Misc. Rep. 544, 46 N. Y. Supp. 437; Rose v. Wells, 36 App. Div. 593, 55 N. Y. Supp. 874. It is elementary that the plaintiff, in order to recover, must affirmatively establish the essential elements of his cause of action. One of the essential allegations of his complaint was that he had delivered the casein which had been the subject of sale. This allegation was put in issue by the general denial, as well as by the more specific separate defense which alleged the sale by sample. So soon as the fact was established, by concession or proof, that the sale had been by sample, the plaintiff could establish his allegation of delivery only by showing that the goods attempted to be delivered were the goods which had been the subject of the sale, i. e., goods equal to the sample. Hence, it became a part of plaintiff's affirmative case to show that the goods were equal to sample, and the burden of doing this never shifted from him to the defendant. The verdict was contrary to all the evidence in the case as to the quality of the goods attempted to be delivered, and we cannot say that the jury was not influenced to the defendant's prejudice by the erroneous charge.

We think that the trial justice might well have dismissed the complaint, or at least have set the verdict aside as against the evidence. As has been said, the only issue litigated was whether or not the goods came up to sample, and all the evidence on this point was to the effect that they did not. It is no answer to say that the jury were not bound to believe the defendant's witnesses, for, if their testimony should be entirely disregarded, the case would be left with a concession that the sale was made by sample, and with no evidence that the plaintiff ever delivered, or attempted to deliver, the goods which he sold, to wit, goods equal to the sample by which the sale was made.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.