BODENMANN MFG. CO. v. LESSER.

(Supreme Court, Appellate Term.   February 24, 1910.)

SALES (§ 357*)—ACTION FOR PRICE—SALE BY SAMPLE—QUALITY OF GOODS.
   In an action for the price of goods sold by sample, the burden is on the seller to show that the goods were up to the sample.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1047; Dec. Dig. § 357.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Bodenmann Manufacturing Company against Myron Lesser, doing business as the Riverside Manufacturing Company. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Arthur Hutter and Samuel Fruchthandler, for appellant.

Hartman & Schuhmann (Jerome A. Strauss and Samuel I. Hartman, of counsel), for respondent.

PER CURIAM.   Plaintiff proved by its salesman a sale by sample, and failed to prove that the goods were up to sample.   Defendant then put his father on the stand, who testified that the goods were not up to sample.   This evidence was uncontradicted.   The court then ruled as follows:

"Judgment for the plaintiff.  The burden of proving that the goods were not up to sample rests upon the defendant, and I do not think he has sustained the burden of proof, and I believe the plaintiff."

The ruling as to the burden of proof was erroneous (Rosenstein v. Casein Mfg. Co., 50 Misc. Rep. 345, 98 N. Y. Supp. 645), and plaintiff's only testimony bearing in any way on the question had previously been stricken out by the court, and therefore could not be considered.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.