HOWARD H. YOUNG, Respondent, *v.* THE CURTISS AEROPLANE COMPANY, Appellant.

Third Department, November 13, 1918.

**Pleading — bill of particulars — breach of sale contract.**

Where a complaint merely claims general damages for a breach of contract to purchase a certain amount of lumber, the defendant cannot have a bill of particulars by setting up, in its motion therefor, matters alleged to make the damages claimed of a special nature, especially where the questions at issue are simple, and depend in no measure upon the matters which the defendant asks to have set forth.

APPEAL by the defendant, The Curtiss Aeroplane Company, from an order of the Supreme Court, made at the Broome

Special Term and entered in the office of the clerk of the county of Broome on the 27th day of May, 1918, denying defendant's motion for a bill of particulars.

*Hinman, Howard & Kattell,* for the appellant.

*Merchant, Waite & Waite,* for the respondent.

WOODWARD, J.:

The complaint alleges that " on or about September 27, 1917, plaintiff and defendant duly entered into a contract whereby plaintiff agreed to sell and deliver to the defendant, at Buffalo, N. Y., and defendant agreed to purchase of the plaintiff, 100,000 feet of six-quarter, tough, straight-grained white ash lumber, 12 feet to 16 feet long, to be acceptable to defendant's inspector and shipped by him, and for which the defendant promised and agreed to pay plaintiff the sum of $150 per thousand feet, sight draft attached to bill of lading, less 2% discount." It further alleges that plaintiff entered upon the performance of said contract, and that on or about the 16th day of November, 1917, before any deliveries had been made on account of said contract, and while labor and expense of material amount were necessary on the part of the plaintiff to enable him to fulfill his obligations under said contract, the defendant canceled and repudiated said contract and notified the plaintiff to proceed no further therewith; that defendant's cancellation and repudiation of said contract was made wrongfully and without any lawful excuse therefor; that the plaintiff did nothing further toward carrying out the said contract on his part after receiving said notice of the defendant's countermand of said order, and repudiation of said contract on its part, and that by reason of the premises and because of the defendant's said breach of contract the plaintiff has sustained damages directly and naturally resulting in the ordinary course of events from said breach in the sum of $7,500, no part of which has been paid.

The answer is in effect a general denial of the material allegations of the complaint, but in moving the court for a bill of particulars the defendant set up some matters which it is claimed make the damages claimed of a special nature, and then insists that the plaintiff is called upon to furnish

a bill of particulars in reference to such alleged special damages. We think the learned court at Special Term has correctly disposed of this motion. The character of the action is to be determined by the complaint, and this is merely a demand for the general damages resulting from the defendant's refusal to perform its part of the contract, after inducing the plaintiff to incur expense in connection with it. The action is clearly predicated upon the provisions of section 145 of the Personal Property Law (Consol. Laws, chap. 41 [Laws of 1909, chap. 45], as added by Laws of 1911, chap. 571), a codification of the common law (*Poppenberg* v. *Owen & Co.*, 84 Misc. Rep. 126, 143; affd., 165 App. Div. 946; 221 N. Y. 569), and no reason suggests itself to us, after a careful reading of the defendant's brief, why it should have the particulars which it demands. The questions at issue between the parties are simple, and depend in no measure upon the matters which the defendant asks to have set forth in a bill of particulars. (See *Oswego Falls P. & P. Co.* v. *Stecher Lith. Co.*, 215 N. Y. 98.)

The order appealed from should be affirmed, with costs.

Order unanimously affirmed, with ten dollars costs and disbursements.