[Civ. No. 2689.   Second Appellate District, Division One.—January 29, 1920.]

## F. C. LILLIE, Respondent, v. WEYL–ZUCKERMAN & COMPANY (a Corporation), Appellant.

[1] SALES—BREACH OF CONTRACT FOR SALE OF CROP OF POTATOES—ELECTION OF REMEDIES—ACTION FOR DAMAGES—SUFFICIENCY OF COMPLAINT.—A complaint in an action for damages for breach of contract for the purchase of a crop of potatoes which alleges the making of the contract set out in the complaint, plaintiff's compliance with its terms, its breach by defendant, and the damage resulting to plaintiff therefrom is sufficient as against a general demurrer, notwithstanding it may be uncertain in failing to allege which remedy plaintiff elected to pursue upon defendant's breach of the contract.

[2] ID.—MEASURE OF DAMAGES.—Under sections 3311 and 3353 of the Civil Code, the measure of damages for the breach of such a contract, where title is not vested in the purchaser and the property is not resold in the manner provided by section 3049 of the Civil Code, is the difference between that which the purchaser agreed to pay and the value of the property to the seller on the resale thereof, which value is deemed to be the price obtainable therefor in the market nearest to the place at which it should have been accepted by the buyer.

[3] ID.—SALE AT MARKET PRICE—GOOD FAITH OF SELLER—EVIDENCE. In this action for damages for the breach of a contract for the purchase by defendant of a crop of potatoes, conceding there was a conflict in the testimony on the question, nevertheless there was ample evidence to justify the finding of the trial court that plaintiff in good faith sold at the market price.

[4] ID.—TOTAL WEIGHT AND SALE PRICE—FINDING WITHIN ISSUES.—
In such action, although plaintiff alleged the damage resulting to
him by reason of defendant's breach of the contract, without alleg-
ing the remedy he elected to pursue, a finding as to the total weight
of the potatoes and price at which plaintiff sold them was within
the issues.

[5] ID.—MOTIVE PROMPTING BREACH—IMMATERIAL FINDING—ABSENCE
OF PREJUDICE.—It being immaterial what motive prompted defend-
ant to breach the contract, it was not prejudiced by a finding that
its refusal to accept and pay for the potatoes according to the
contract was not on account of the quality or condition of the
potatoes, but because the market price of potatoes had greatly
decreased between the date of said contract and the date of such
refusal to accept the same, conceding such finding was not within
the issues.

APPEAL from a judgment of the Superior Court of
Riverside County. Hugh H. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sidney J. Parsons for Appellant.

Purington & Adair and A. Aird Adair for Respondent.

SHAW, J.—In this case defendant appeals from a judg-
ment rendered against it in the sum of $435.38 as damages
for the breach of a contract.

The order of the court in overruling defendant's general
demurrer to the complaint is assigned as error. The com-
plaint alleged the making of the contract, set out *in haec
verba,* from which it appears that, on June 12, 1917, plain-
tiff agreed to sell and defendant agreed to buy the entire
crop of potatoes grown by the former, the quality of which
was specified as being first class, not less in weight than
three ounces each, and to be delivered f. o. b. cars, Elsinore,
or as buyer directs, at the price of $2.50 per hundredweight.
It is further alleged that about July 10, 1917, plaintiff
notified defendant that he was ready to deliver the pota-
toes in accordance with his contract, and that thereupon de-
fendant sent an agent to inspect the same, who, after such
inspection, refused to accept the potatoes or any part thereof,
or pay for the same pursuant to the agreement, as a result
of which plaintiff alleged he was damaged in the sum of
$439.45, which sum, upon demand, defendant refused to pay.

[1] The making of the contract set out in the complaint, plaintiff's compliance with its terms, its breach by defendant and the damage resulting to plaintiff therefrom, all alleged in the complaint, were sufficient to constitute a cause of action in favor of plaintiff (Sutherland on Code Pleading, sec. 4636), whose right to recover is, as provided in section 3300 of the Civil Code, to be read in connection with section 3049, the amount which will compensate him for "all the detriment approximately caused" by such breach. Appellant insists, however, that, as held in *Gay* v. *Dare,* 103 Cal. 454, [37 Pac. 466], and *Cuthill* v. *Peabody,* 19 Cal. App. 304, [125 Pac. 926], it was optional with plaintiff, in protecting himself from loss, to retain the property for the vendee and sue for the entire purchase price, sell the property for the benefit of the purchaser, in which event the damage would be the difference between the price received and that agreed to be paid, or, lastly, keep the property as his own and recover the difference between the market price thereof at the time and place of delivery and the contract price; hence it is contended that, as the complaint was silent as to which method plaintiff adopted, it failed to state a cause of action. Conceding the complaint was uncertain in the respect named, nevertheless it was obnoxious to the general demurrer, for the reason that, under the allegations made and in the absence of any special objection to the complaint, plaintiff might introduce evidence tending to prove that upon defendant's breach he adopted, as he was entitled to do, any one of the three courses open to him. The question as to how or in what manner the damage arose, other than as appears from the general allegations, is the subject of evidence rather than of pleading.

The answer admitted the execution of the contract and, in addition to denying that plaintiff had been damaged in any sum whatsoever, or that he had demanded payment therefor as stated in his complaint, alleged as a further defense that it was at all times anxious and willing to perform the contract on its part, but that the potatoes which plaintiff offered to deliver to defendant were not first class but were sunburnt and defective, as to all of which denials and allegations, and the fact that plaintiff was ready and willing to perform the contract on his part, the court upon ample evidence found in favor of plaintiff. The court

further found that the total weight of the potatoes constituting the subject of the controversy was 39,580 pounds; "that the plaintiff sold said potatoes at $1.40 per hundredweight, that said sale was made in good faith, and that the said price was the best price that could then be obtained for said potatoes"; and, as a conclusion of law, found that plaintiff, by reason of the breach of the contract on the part of defendant, had sustained damages in the sum of $435.38, for which he was entitled to judgment.

It thus appears that plaintiff, pursuant to his right, as declared in *Gay* v. *Dare, supra,* acting as the agent of defendant, which refused to perform its part of the contract, resold the potatoes and brought this action to recover that part of the contract price which was in excess of the price obtained on the resale, which was the difference between $1.40 and $2.50 per hundred on the total weight of the potatoes. [2] Under sections 3311 and 3353 of the Civil Code, the measure of damages, where title is not vested in the purchaser and the property not resold in the manner provided by section 3049—which is the case here—is the difference between that which the purchaser agreed to pay and the value of the property to the seller on the resale thereof, which value is deemed to be the price obtainable therefor in the nearest market to the place at which it should have been accepted by the buyer. Applying the rule that findings should be construed most strongly in support of the judgment, we find no difficulty in reaching the conclusion that the finding, though inartificially drawn, shows that the potatoes were sold at the market value thereof at the time when it was the duty of defendant to have accepted them. The sale was made in good faith and the price was the best that could then be obtained therefor.

[3] It appears from the evidence that between the making of the contract and the date when plaintiff sold the potatoes the price thereof fluctuated greatly, dropping from $3 to $1.40 per hundredweight; that at the time when sold by plaintiff there was no demand for potatoes and the $1.40 per hundred was all that he could obtain for them. Defendant's buyer testified that from the 12th to the 20th of July the market for potatoes went to pieces and there was absolutely no market for them. Charles O. Morgan, who bought the potatoes, stated that between July

10th and July 21st the price of potatoes varied greatly, going from $3 down to $1.40 per hundred; that he paid $1.40 per hundred for his potatoes, which at the time was the market price therefor. Conceding a conflict in the testimony on the question, nevertheless there was ample evidence to justify the finding that plaintiff in good faith sold at the market price.

[4] Appellant complains that the finding as to the total weight of the potatoes and the price at which plaintiff sold them was not within the issue. As we view the case, there is no merit in this contention. [5] The court also found, which fact is apparent from the testimony, that defendant's refusal to accept and pay for the potatoes according to the contract was not on account of the quality or condition of the potatoes, but because the market price of potatoes had greatly decreased between the date of said contract and the date of such refusal to accept the same. Conceding this finding was not within the issues, since it was immaterial what motive prompted defendant to breach the contract, defendant could not have been prejudiced thereby.

That defendant executed the contract and, without cause, refused to comply with its terms, to plaintiff's damage in the sum as found by the court, is apparent from the record, and no error complained of by appellant has resulted in a miscarriage of justice.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.