1144, 11445.  ROBINSON *v.* O'BANNON COMPANY;
and *vice versa.*

1. The verdict not being demanded by the law and the evidence, the trial judge did not abuse his discretion in granting a first new trial.
2. As to the items of freight, demurrage, storage, and commission on the sale of the oats after the defendant's refusal to accept and pay for them, the court did not err in sustaining the demurrer to the petition.

DECIDED NOVEMBER 9, 1920.

Complaint; from city court of Cairo — Judge Rigsby.  March 11, 1920.

The O'Bannon Company, of Claremore, Oklahoma, sued Robinson, alleging, that he contracted to buy from it 1500 bushels of oats to be shipped to Cairo, Georgia; that the oats were shipped to him in pursuance of the contract, and that when they reached their destination he failed and refused to accept them and pay for them, thus breaching the contract; that upon this breach of the contract the plaintiff had the oats sold for the account of the defendant, through Ira Higdon, a wholesale grocer of Cairo, Georgia, for the highest and best price obtainable for them, and that he sold them for the gross amount of $1585.66, "from which amount he deducted the following charges: freight, $149.60; demurrage, $15.00; commission and storage, $181.01, making total charges of $345.61," leaving a balance of $1240.05, which was remitted by Higdon to the plaintiff and credited on the defendant's account.  The plaintiff sued for the difference between this balance and $2,000, the purchase-price of the oats, besides interest.  The defendant demurred to the petition generally and on various special grounds, two of which were that "the items of freight and demurrage should be stricken," and that "the items of storage and commission should be' stricken."  The court sustained these two grounds of the demurrer and overruled the other grounds.  The trial of the case resulted in a verdict for the defendant, and the plaintiff made a motion for a new trial, which was granted.  The defendant excepted to the grant of a new trial, and in a cross-bill of exceptions the plaintiff excepted to the sustaining of the demurrer as to the items of freight, demurrage, storage, and commission.  As to these items counsel for the plaintiff cited:  Civil Code (1910), §§ 4131, 4402; 135 *Ga.* 539 (3).

*S. P. Cain,* for Robinson.  *R. A. Bell, Bell & Weathers,* contra.

BLOODWORTH, J. 1. The first grant of a new trial is complained of in the main bill of exceptions. The evidence was conflicting. " It may now be considered as settled that this court will not, under any circumstances, reverse a judgment granting a first new trial, whether the grant be general upon all grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of evidence or upon a ground which involves purely questions of law; unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case. Unless the case can be brought within the exception just stated, it is useless for parties to bring before this court the judgment of a trial judge granting a first new trial." *Parks* v. *Stevens*, 21 *Ga. App.* 180 (94 S. E. 60), and cit.

2. The court did not err in the ruling on the demurrer to the petition, of which the plaintiff complains in the cross-bill of exceptions.

*Judgment affirmed on both bills of exceptions. Luke, J., concurs.*

BROYLES, C. J. I agree with my associates that the judgment excepted to in the main bill of exceptions should be affirmed, but I think that the judgment upon the demurrer to the petition (excepted to in the cross-bill of exceptions) was erroneous and should be reversed.