G. ROBISON & Co., INC., Respondent, *v.* HARRY KRAM, Appellant.   (Action No. 2.)

First Department, April 1, 1921.

Sales — action to recover purchase price of goods delivered and goods tendered and damages for breach of contract by refusal to accept goods — complaint stating cause of action.

The first count of the complaint in an action to recover the purchase price of goods delivered and for goods tendered but not accepted in which it is alleged that the plaintiff delivered a part of the goods which the defendant accepted but did not pay for, and that the plaintiff thereafter offered to deliver and tendered additional goods which the defendant refused to accept, is not subject to demurrer for insufficiency.

The second count of the complaint, which realleges the allegations of the first count and charges that the defendant subsequently repudiated the contract and refused to accept any further deliveries thereunder and that by reason of the premises the plaintiff was damaged in a specified amount, is not for the purchase price of the goods but for damages for the failure of the defendant to accept and pay for the goods, pursuant to the contract, and states a good cause of action within section 145 of the Personal Property Law; plaintiff was not required to allege the theory on which it estimates its damages.

APPEAL by the defendant, Harry Kram, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of October, 1920, overruling defendant's demurrer, brought on and tried as a contested motion, and granting judgment in favor of the plaintiff.

Robison & Co., Inc., *v.* Kram. No. 2.  879

App. Div.]          First Department, April, 1921.

*Lester B. Nelson* of counsel [*Charles Ginsburg,* attorney], for the appellant.

*Charles H. Tuttle* of counsel [*Herman I. Lurie* and *Carl E. Peterson* with him on the brief; *Lurie & Feinberg,* attorneys], for the respondent.

Laughlin, J.:

The complaint contains two counts, both based on a contract made November 6, 1919, for the sale of not less than forty nor more than fifty cases, at the option of the plaintiff, of artificial silk of two qualities described as third and fourth grade, each case to consist of 220 pounds, at seven dollars and ninety cents per pound for the third grade and seven dollars and fifty cents per pound for the fourth grade, to be delivered on the arrival of the goods from Holland between January 1 and September 1, 1920. The demurrer is to each count. In the first count it is alleged that on the 11th of March, 1920, plaintiff delivered one case of the goods to the defendant and that the goods were accepted and retained by him but not paid for; that the plaintiff thereafter duly offered to deliver and tendered five additional cases of the goods but the defendant wrongfully and in violation of the agreement failed and refused to accept the same and that the plaintiff at all times since has been and still is ready, willing and able to deliver the goods to the defendant and has ever since held and now holds them for the account and subject to the order of the defendant. Judgment is demanded for the contract purchase price of the goods delivered and of the goods the delivery of which was refused. The second count realleges, by reference, the facts alleged in the first count, and charges that the defendant subsequently repudiated the contract and refused to accept any further deliveries thereunder and that by reason of the premises the plaintiff has sustained damages in the sum of $22,880, payment of which has been duly demanded but not made. Judgment is demanded for the amount specified in the second count. I am of opinion that neither count of the complaint was subject to demurrer for insufficiency. It may be that under our decision on the appeal by the defendant in action No. 1 between the same parties (195 App. Div. 873), which was argued and is to

be decided herewith, the plaintiff, if it goes to trial on the complaint in its present form, will not be entitled to recover the purchase price of the undelivered goods under the first count; but it is entitled to recover under that count for the goods delivered, accepted and not paid for. The second count is not for the purchase price but for damages for the failure of the defendant to accept and pay for the goods, the delivery of which was tendered, pursuant to the contract; and a right of action for damages on that theory is clearly given by section 145 of the Personal Property Law (as added by Laws of 1911, chap. 571). Counsel for the appellant argues that the second count is insufficient in that it fails to state the theory on which the plaintiff claims to be entitled to recover the amount of damages specified. The count charges a breach of the contract and that the plaintiff has thereby sustained damages in a specified amount. Under those allegations, it will be entitled to recover such damages as it may be able to show under the rules of damages prescribed in section 145 applicable to the facts. It is not an essential to the sufficiency of the complaint that the plaintiff should allege the theory on which it estimates its damages in such a case. If it should become necessary for the defendant, in order properly to plead or to defend the action, to know on what theory or under which subdivision of section 145 the plaintiff claims damages, his remedy is an application, on showing such necessity, to have the complaint made more definite and certain or for a bill of particulars. (See Code Civ. Proc. §§ 531, 546.)

It follows that the order should be affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw demurrer and to answer on payment of said costs and ten dollars costs of motion at Special Term.

Clarke, P. J., Dowling, Smith and Greenbaum, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw demurrer and to answer on payment of said costs and ten dollars costs of motion at Special Term.