## THE WESTERN ALFALFA MILLING CO. vs. WORTHINGTON
(No. 1095, February 18, 1924; 223 Pac. 218.)

SALES—BREACH OF CONTRACT—CHANGE IN MARKET CONDITIONS AS AFFECTING DAMAGES.

1. Where a contract for sale of plaintiff's alfalfa hay provided that the hay should be choice in quality and that it should be delivered in plaintiff's field between certain dates, there was a sufficient delivery of the hay when plaintiff raised and stacked it on the land substantially in the agreed amount, and it then became the duty of the buyer to accept and pay therefor. Uniform Sales Act, §§ 41, 42.

2. Unless a contract to sell shows a different intention the buyer risks an unfavorable change in market conditions.

3. Provision in a contract to sell alfalfa hay, absolving the buyer from obligation to buy if he was unable to receive the hay, through destruction of his mill, or for other causes unforseen and unpreventable, *held* not to include a depression in business as the result of which the buyer found itself with more hay on hand than it could use.

4. Where the buyer bound himself to buy seller's 'alfalfa hay of choice quality, buyer's offer to take the choice hay that the seller then had on hand, while asserting that seller had no hay of that quality, was not an offer to perform.

5. Where the time for buyer's acceptance of seller's alfalfa hay did not expire until December 31, 1920, the seller could not sell it until date for acceptance had passed so that, in an action for damages for nonacceptance, proof of the market value in January which, perforce, included the first day of that month was a sufficient basis for estimating the damages, under Uniform Sales Act, § 64, subd. 3, namely, the difference between the contract price and the market price at the time when goods should have been accepted.

6. Where from a breach of the contract the law imputes certain damages as a natural, necessary, and logical consequence, such damages are recoverable on a proper averment of the breach and a claim for damages generally, such principle applying to actions for breach of contract of sale, and in such case the market value of the goods is not a fact essential, but is only important in establishing the proper measure of damages and need not be alleged, except perhaps where on defendant's motion it appears he is entitled to that information to enable him to make his defense.

Error to District Court, Platte County; William C. Mentzer, Judge.

Action by R. S. Worthington against Western Alfalfa Milling Company, a corporation, for damages on an alleged breach of written contracts. Judgment for plaintiff and defendant brings error. See also 29 Wyoming 56, 210 Pac. 280.

*M. A. Kline, O. O. Natwick* and *Gillette & Clark* for plaintiff in error.

Time is not of the essence of the contract, hence the purchaser had a reasonable time after the period stated in the contract had expired, within which to accept or decline to accept the hay purchased, and what is a reasonable time must be determined by the facts of each case as it arises, 13 C. J. 686, 687; Central Trust Co. v. Clark, 92 Fed. 293, plaintiff failed to allege the value of the hay at the time of the alleged breach, hence there was no basis for a measure of damages, 17 C. J. 771, 909; the market price at the date of the breach governs, Sutherland on Damages, 88, 648; Kincaid v. Price, 18 Colo. App. 73, 70 Pac. 153; Dolph v. Co., 28 Fed. 553; causes unforseen and unpreventable as stipulated in the contract, excused performance by defendant, 3 Williston Con. 33, 36, 37, 589, 1936; Giepel v. Smith, L. R. 7th Q. B. 404; 3 Williston 1968.

*J. E. Jacobson* and *Kinkead, Ellery* and *Henderson* for defendant in error.

The filing of the amended petition and defendant's answer thereto, took out of the case the original petition, the demurrer thereto, and the Court's overruling the same, Slifer v. Willard, (Ind.) 131 N. E. 87-88; Humphrey v. Bank, (Ind.) 130 N. E. 273-276; Diecknamm v. Merkh, (Cal.) 130 Pac. 27-28; Butlan v. Hein, (Mass.) 120 N. R. 590; Ilczyszyn v. Mostecki, (R. I.) 112 Atl. 785-786; rulings on admission of evidence were not properly assigned as error, Holdsworth v. Co., 22 Wyo. 52, 63; C. B. & Q. Ry. Co. v. Morris, 16 Wyo. 308; Phalen v. Brick Co., 26 Wyo. 493. Where goods forming the subject-matter of the contract of sale are subject to market changes, time is of the essence of the contract, Waishut v. Layton, 93 Atl. 1057-1058, Forbes Co. v. Oil Co., 103 S. E. 15; Norrington v. Wright, 115 U. S. 188, 29 L. ed. 366; this is always true of mercantile contracts, Robinson Co. v. Loco. Co., 107 N. Y. S. 71, Hjorth v. Co., 172 N. W. 488; Bamberber v. Burrows. 124 N. W. 333;

Tiffany on Sales, 278, 35 Cyc. 175, 13 C. J. 688; the subsequent offer of defendant to receive the hay was conditional; it was made after commencement of suit; it could not defeat the action, 13 C. J. 681; Drake Co. v. Dewitt, 126 N. Y. S. 868, 1 C. J. 1149; plaintiff minimized his damages by using a portion of the hay and selling the balance on the market, making due allowance of damages therefor; plaintiff's general allegation of damages is sufficient, Reynolds v. Morton, 23 Wyo. 528; Fast v. Whitney, 26 Wyo. 433; Duryea v. Rayner, 46 N. Y. S. 437; Taylor v. Capp, 121 N. E. 37; market value at time of breach was proven without objection or motion to strike, Dunnett v. City, 222 Fed. 497 ;Frederick v. Hale, 112 Pac. 70 ; Dallig v. Congdon, 105 Atl. 393; the clause in the contract relating to unforseen and unpreventable causes preventing performance does not cover fluctuations in market conditions; the rule of *ejusdem generis* applies, 13 C. J. 638, 23 R. C. L. 1431; Page Sec. 2705; Krulewitch v. Co., 186 N. Y. S. 838; Traylor v. Co., 183 N. Y. S. 181; Standard Co. v. Ice Factory, 106 S. E. 390; the findings of the trial court are supported by evidence and should not therefore be disturbed, Stahley Co. v. Beckstead, 27 Wyo. 173; Bessinger v. Weiss, 27 Wyo. 262; Hunt v. City, 26 Wyo. 160.

Kimball, Justice.

The parties will be called plaintiff and defendant as in the district court where the plaintiff obtained a judgment on two causes of action each for damages for the breach of a written contract to sell alfalfa-hay of which the plaintiff was the owner and seller and the defendant the buyer. The trial was held without a jury, and the judgment was on a general finding.

The two contracts were substantially the same except for the description of the property sold. Each was dated July 17, 1920, and recited that plaintiff agreed to sell to defendant a stated, approximate quantity of hay raised on a described tract of land in Platte County, and that defendant promised to pay for the hay at the rate of $12 per ton. It

was agreed that the hay should be choice in quality, and that it should be delivered in plaintiff's field between August 1 and December 31, 1920. It was further provided "that should first party (defendant) be unable to receive said hay through destruction of the mill, or for other causes unforseen and unpreventable, shall absolve first party from obligation hereunder to second party (plaintiff)."

It was admitted that plaintiff raised and stacked on the land substantially the agreed quantity of hay, and that the defendant has never received or paid for any part of it.

The defendant raised no question as to the quality of the hay until after it had refused to accept delivery and the plaintiff had commenced this suit. It was alleged in the answer and the defendant undertook to prove on the trial that the hay was not of "choice" quality as defined in the contract, but it is not contended here that the evidence was not sufficient to support a finding against the defendant on that issue.

There can be no doubt that the plaintiff made a sufficient delivery of the hay, and that it became the duty of the defendant to accept and pay therefor in accordance with the terms of the contract to sell. Uniform Sales Act, Secs. 41, 42, C. S. 1920, Secs. 4763, 4764. It is contended, however, that the refusal to accept and pay for the hay was justified because, for causes unforseen and unpreventable, the defendant was unable to receive it.

The defendant was engaged in the manufacture and sale of a product, called alfalfa meal, made by grinding hay like that bought of plaintiff. Its mill and warehouse were located at Wheatland, in Platte County. The hay mentioned in the contracts was intended for use in that business. Beginning about September 15, 1920, and continuing for some eight or nine months thereafter, the market for defendant's product was seriously affected by the general business depression that visited the country during that time. Under the order or authority of the Interstate Commerce Commission freight rates were raised preventing the

defendant, so it claimed, from placing its product on the
eastern markets. Defendant's customers, manufacturers of
mixed food products, could not dispose of their goods, and
orders for alfalfa meal, amounting to $121,000, previously
placed with defendant, were cancelled. As the result of
these conditions the defendant claimed that its warehouse
became filled with hay for which there was no outlet. It
was on this evidence that the defendant based its claim that
it was excused from performance of the contracts. It was
shown that the conditions of which the defendant com-
plained affected the market for other commodities, particu-
larly farm products, and probably accounted for the fact
that the market value of hay, in January, 1921, was only $4
per ton.

It is to be gathered from the evidence that the defendant
had made many similar contracts with hay raisers in that
locality, and it was shown that the parties interested in
those contracts, including the plaintiff and the defendant's
president, held a meeting some time about the latter part
of February, 1921. The evidence as to the statements made
by the defendant's president at that meeting is conflicting.
He testified that he stated that the company did not cancel
or abrogate its contracts, but admits that he stated that the
company could not take any more hay at that time and does
not claim that he suggested any time when it would do so.
The plaintiff testified that the defendant's president said
that the company would not take the hay under the contracts
unless the price were reduced, and that he also stated that
the company might grind the hay for the owners and store
it in another mill.

Unless the contracts show a different intention there can
be no doubt that an unfavorable change in market condi-
tions was a circumstance the risk of which should be fairly
thrown on the defendant. Williston on Contracts, Sec.
1963. In the case at bar there is no question of impossibil-
ity of performance for any of the reasons for which per-

formance may be excused in the absence of an agreement to that effect.

The contracts provided that the defendant should be absolved from its obligations if it became unable to receive the hay through a destruction of the mill or for other causes unforseen and unpreventable. Can it be said that this provision shows an intention to guard against the difficulties encountered by defendant in marketing its product? We think it cannot. It seems to be well settled that in arriving at the intention of the parties as expressed by a provision excusing performance of a contract on certain contingencies the rule of *ejusdem generis* may be applied. 13 C. J. 638. The specific contingency mentioned is the destruction of the mill, a physical casualty, and we think the general words following cannot be held to include a depression in business as the result of which the defendant found itself with more hay on hand than it could use. Indeed, it may be doubted whether the defendant's case would have warranted a finding that it was unable to receive the hay. Ordinarily, it would seem clear that the ability to receive a thing is very different from the ability to dispose of it. Although the defendant's warehouse may have been full, there is nothing to show that it could not have obtained other storage room, or that it could not have kept the hay in the open. We are of the opinion that the district court was right in holding that defendant was not excused from keeping its promise to buy the hay.

The defendant argues that the time for the acceptance of the hay was not of the essence of the contract. That question we deem it unnecessary to decide as we think it was immaterial under the pleadings and evidence. The answer admits that the defendant at all times refused to accept and pay for the hay. The evidence does not show a performance or an offer of performance by defendant within the contract time or within a reasonable time or at any time. There seems to be some contention that defendant offered to perform the contract on June 8, 1921, more than five months

after the expiration of the time stipulated for acceptance of the hay, and about three months after this suit for damages was commenced. We think, however, that the claimed offer at that time was in reality no offer at all. The only offer was to take the choice hay that plaintiff then had on hand, while asserting that plaintiff had no hay of that quality.

It is conceded by the parties that the proper measure of damages, and the one applied by the court, is that stated in the third paragraph of section 64 of the Uniform Sales Act (C. S. Sec. 4786), namely, the difference between the contract price and the market price at the time when the goods ought to have been accepted. The defendant complains that the plaintiff did not prove the market value of the hay on December 31, the last date mentioned in the contract. There was evidence to prove the market value in January following. The time for acceptance of the hay did not expire until the midnight preceding January 1. The reason for the market value rule is that the seller, after the refusal of the buyer to accept the goods, may take them into the market and obtain the current price. Benjamin on Sales (6th Ed. by Ker) p. 930; Hugenot Mills v. Jempson, 68 S. C. 363, 47 S. E. 687, 102 Am. St. Rep. 673. The plaintiff could not sell until the date for acceptance had passed, and we think proof of the market value in January which, perforce, included the first day of that month was a sufficient basis for estimating damages under the rule stated.

The amended petition on which the case was tried did not contain an allegation that the hay had any market value and the defendant contends, therefore, that the court erred in receiving evidence of that fact. The petition contained a general allegation of damages, and general damages only were allowed by the judgment. Where from the breach of a contract the law imputes certain damages as the natural, necessary and logical consequence, such damages are recoverable on a proper averment of the breach and a claim for damages generally. 17 C. J. 1001; 5 Enc. Pl. & Pr. 739;

Henderson v. Coleman, 19 Wyo. 183, 217, 115 Pac. 439, 1136. This principle is applicable to actions for breach of a contract of sale, and in such cases the market value of the goods is not a fact essential to the cause of action, is only important in establishing the proper measure of damages, and need not be alleged in the petition except, perhaps, where, on defendant's motion, it appears that he is entitled to that information to enable him to make his defense. 35 Cyc. 587; Durgea v. Rayner, 20 Misc. Rep. 544, 46 N. Y. Supp. 437; Robison v. Kram, 195 App. Div. 878, 187 N. Y. Supp. 631; Young v. Curtis Aeroplane Co., 184 App. Div. 709, 172 N. Y. Supp. 458; Robinson v. O'Bannon Co., 25 Ga. App. 738; 105 S. E. 255; Kirchman v. Tuffli etc. Co., 92 Ark. 111; 122 S. W. 239; Taylor v. Capp, 68 Ind. App. 593; 121 N. E. 37; Lillie v. Weyl, 45 Cal. App. 607, 188 Pac. 619.

There can be no doubt that the petition stated facts sufficient to constitute a cause of action for damages for non-acceptance of the goods under section 64, supra, of the Uniform Sales Act, and that it was not intended to state a cause of action for the price of the goods under the preceding section of that act. It is true that the damages for which plaintiff prayed were equal to the contract price of the hay, but as it is clear from the petition that there had been no acceptance of the hay, and that the plaintiff had elected to keep it as his own, the defendant was in no way deceived as to the nature of the action, and should not have been surprised when plaintiff offered evidence to prove the proper measure of damages.

The judgment of the district court will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.

NOTE—See 17 C. J. p. 1001; 35 Cyc. pp. 191, 256, 258, 587, 592.