[Civ. No. 9364. First Appellate District, Division One.—December 4, 1934.]

SAN FRANCISCO MILLING COMPANY, LTD., Respondent, v. FRYE AND COMPANY (a Corporation), Appellant.

564

Joseph A. Brown for Appellant.

Carl R. Schulz and Norman A. Eisner for Respondent.

JAMISON, J., *pro tem.*—This is an action upon a contract for the sale by plaintiff to defendant of one thousand tons of foul seed. Judgment was rendered for plaintiff. Thereupon defendant moved for a new trial and same being denied it prosecutes this appeal.

Two contracts for foul seed were produced at the trial of this action. One of them was dated April 5, 1930. This sale was confirmed by a man named King, of the firm of

King Grain Co., brokers, acting on behalf of appellant. The confirmation in substance was that Frye and Company confirmed the sale of one thousand tons of foul seed (seeds screened from barley, oats and wheat) at the price of $14 per ton of two thousand pounds, f. o. b. ship, San Francisco Bay points. All of the foul seed called for by this contract was delivered and accepted except fourteen tons which were later delivered and accepted.

The contract dated May 15, 1930, was executed by both respondent and appellant. It provided that respondent sell to appellant one thousand tons of foul seed at $13 a ton, f. o. b. dock, San Francisco, the sale being made in accordance with the rules and regulations of the San Francisco Grain Exchange. Under this contract one hundred eighty-two tons were delivered to appellant on June 20, 1930, and were accepted and paid for. There was an overpayment of $182 by appellant on this shipment. On June 23d another shipment of two hundred sixty-five tons of foul seed was made by respondent. Both of these shipments were delivered at the wharf in San Francisco, were forwarded by a carrier selected by appellant, and were inspected by agents of appellant at the wharf in Seattle. Following said inspection appellant caused the last-named shipment of two hundred sixty-five tons to be transported in cars on a switching order naming appellant as consignee. This last-named shipment was not unloaded by appellant at its warehouse in Seattle, but was abandoned in the yards, and respondent was notified of such abandonment. In the meantime respondent had presented a draft to appellant for the amount of said shipment, which appellant refused to honor. It was then agreed by appellant and respondent that the said two hundred sixty-five tons might be returned to the wharf at Seattle, unloaded and sold, without prejudice to the rights of either party. Thereafter the said two hundred sixty-five tons were sold for the sum of $1669.50 and after paying the freight charges, etc., the net sum of $465.64 was realized.

In addition to seeking to recover the purchase price of the two hundred sixty-five tons of foul seed delivered on June 23, 1930, respondent in this action asks judgment for damages for the refusal of appellant to accept the undelivered part of the foul seed called for by the contract. The court found that appellant refused to accept this un-

delivered portion, and this finding is supported by the evidence. The damage sustained by respondent by this refusal on the part of appellant to accept the undelivered portion of the foul seed is the difference between the contract price and the market price at the time of the breach. (Subd. 3, sec. 1784, Civ. Code; 22 Cal. Jur. 1062; *Lillie v. Weyl-Zuckerman & Co.*, 45 Cal. App. 607 [188 Pac. 619]; *Gay* v. *Dare*, 103 Cal. 454 [37 Pac. 466].)

■ Appellant contends that the two contracts should be construed together; that the contract entered into on May 15, 1930, and the contract between these parties which was executed on April 5, 1930, should be construed as one contract. In support of this contention it cites section 1642 of the Civil Code, which is that "several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together". We are of the opinion that this contention cannot be sustained. These two contracts were entirely separate transactions. The first one was entered into on April 5, 1930, and the second on the 15th of May, 1930. There appears to be no connection between them. They were each separate and distinct sales of foul seed.

■ There is no ambiguity or uncertainty in the contract of May 15, 1930, nor is any fraud or mistake alleged or proved. Therefore the execution of the written contract supersedes all of the negotiations or stipulations which preceded or accompanied the execution of the instrument. (Civ. Code, sec. 1625; *Alameda County Title Ins. Co.* v. *Panella,* 218 Cal. 510 [24 Pac. (2d) 163]; 6 Cal. Jur. 261.)

■ It is provided in the contract of May 15, 1930, that it is made in accordance with the rules and regulations of the San Francisco Grain Exchange and that these rules and regulations are made a part of the contract. The court found that the rules and regulations of said exchange, for all those dealing in foul seed and similar merchandise, were to the effect that unless goods sold f. o. b. dock San Francisco, or f. o. b. dock San Francisco basis, were inspected or rejected at the point of delivery; to wit, on the dock at San Francisco, the right of inspection and rejection on the part of the buyer was thereby waived; that the foul seed in this case was sold and delivered f. o. b. dock San Francisco and that any claim by appellant of rejection was

waived by the failure to inspect or reject the foul seed at that point. This finding is supported by the evidence.

The court further found that at the time this contract was entered into there was in contemplation the imposition of an import duty upon the entry of foul seed from Canada to the United States which would cause a scarcity of foul seed for use as cattle feed; that the said contemplated duty was not imposed and that Canadian foul seed became available in abundance, and thereby the market value of foul seed was materially reduced. It is claimed by respondent that the reduction in the price of foul seed caused appellant to repudiate the contract.

Appellant makes some claim that the seed which was delivered to it under the contract of May 15, 1930, was not foul seed, but, on the contrary, was garden seed. This claim is refuted by its own admissions contained in the complaint which was verified by its vice-president in an action which it brought against respondent in the superior court of the state of Washington in July, 1931, and by the testimony of the experts produced by respondent.

Appellant contends that the court erred to its prejudice in overruling its objections to evidence produced by respondent, and in refusing to admit certain evidence offered by it. We are of the opinion that the court committed no reversible error in these rulings.

The judgment is affirmed.

Knight, J., and Tyler, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 31, 1935.