Allen, J.
delivered the opinion of the court.
The court is of opinion there is no error in so much of the decree as affirms the validity of the mortgage of the 21st February 1823, and confirms the sale of the property thereby conveyed, made under a previous interlocutory decree, nor in so much thereof as ascertains the priorities of the creditors claiming to participate in the fund arising from the sale; and, therefore, that there is no error in the decree to the prejudice of the appellant. The court is further of opinion, that as a general rule the value of the articles to be delivered at the time when *390 they should have been delivered, with interest from such time of delivery, forms the proper measure of damages in actions for the breach of executory contracts, for the sale an-d delivery of personal property, and that there is no distinction in this respect between contracts for the delivery of stock and other executory contracts. But, to this rule, there may be exceptions founded on particular circumstances. That in this case, the circumstances shew a waiver of the right to call for the stock at the time it was to have been returned, and an understanding between the creditor and debtor to continue it on the footing of a stock contract; that, in accordance with such understanding, the dividends were paid and received not by way of interest on a money debt or payments, but as dividends on the stock under the terms of the contract; that if such dividends had been less than the interest on the cash value of the stock at the periods fixed upon by the decree, it would not have been competent for the creditor to have claimed the difference from the debtor, nor is it competent for the latter to insist upon the conversion of what was received as dividends under the contract, into payments of a debt not then contemplated by the parties as an existing money demand.
The court is further of opinion, that the failure of the Dock company to pay the dividends in July 1832, constituted the first default, and was the period at which the value of the stock should have been ascertained as affording the proper measure of damages. The court is, therefore, of opinion that there was error in said decree to the prejudice of the appellees, the Board of public works, in the particular above mentioned. It is, therefore, reversed for this error, and affirmed in all other respects, with costs to the appellees, as the parties substantially prevailing. And the court, proceeding to render such decree as the court below ought to have rendered, approves and confirms the second statement of the sup *391 plemental report; and the balance appearing thereby of 87,792 dollars 81 cents, with interest on 54,078 dollars 12 cents, part thereof, from the 9th day of March 1843, until paid, is the amount which the Board of public works is entitled to receive out of the property sold. That the residue, if not more than sufficient to discharge their claims, should he paid to said Robinson and Pickett, and the surplus, if any, to said Enders, according to the terms of said decree, which in these respects is affirmed.