## Staunton.

LONG POLE LUMBER CO. v. SAXON LIME AND LUMBER CO.

September 10, 1908.

Absent, Keith, P.

1. INSTRUCTIONS—*Jury Fully Instructed.*—It is not error to refuse instructions tendered, where the court, in lieu thereof, gives another instruction which covers all the questions embraced in those tendered, and states the law upon the questions involved as favorably to the party tendering the instructions as he had asked or was entitled to.

2. DAMAGES—*Failure to Deliver Goods.*—The measure of damages for a failure to deliver goods sold is, as a general rule, the difference between the contract price and the market price at the time and place of delivery, with interest from the time for delivery, and where delivery is to be by installments, the value is to be estimated as of the time the several installments ought to have been delivered. But if there is no market at the place of delivery, the basis for estimating the damages of the vendee is the value of the articles in the nearest available market to which the buyer may resort in order to supply himself, with the additional costs of transportation added, if any; and if the vendee does repurchase, and to the extent that he repurchases, the reasonable and necessary expenses attending such repurchase is to be added.

3. DAMAGES—*Failure to Deliver Goods—Repurchase—Expenses.*—If a vendee determines to repurchase the goods which his vendor has failed to deliver and to charge him with the expense of such repurchases, he ought to show with reasonable certainty the purchases made, and the necessary and reasonable expense attending the same, as well as the price paid, else he cannot recover them.

Error to a judgment of the Circuit Court of Russell county in an action of *assumpsit*. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Sexton & Roberts* and *H. A. Ritz,* for the plaintiff in error.

*Finney & Gilmer* and *Routh & Routh,* for the defendant in error.

Buchanan, J., delivered the opinion of the court.

This is an action of *assumpsit,* instituted by the Saxon Lime and Lumber Company against the Long Pole Lumber Company, to recover damages for the failure of the latter to keep and perform a contract entered into between the parties on March 10, 1906, by which the latter company agreed to deliver to the former on board the cars at Honaker, Russell county, Virginia, one car load of four by four poplar lumber per week, during the remainder of that year, at the price of thirteen dollars per thousand feet.

Upon the trial of the cause, there was a verdict and judgment for the plaintiff. To that judgment this writ of error was awarded.

Three grounds of error are relied on in the petition for a reversal of the judgment. The first is to the action of the court in refusing to give the three instructions asked for by the defendant, and the third to the giving of an instruction by the court in lieu of them. These two assignments of error will be considered together.

By the instructions asked for by the defendant, the court was asked to tell the jury that the burden of proof in making out its case was on the plaintiff; that, as the contract between the parties did not fix the time when the purchase price of the lumber was to be paid, it was payable on demand; that, if the plaintiff failed or refused to pay for the lumber delivered on demand, the defendant had the right to rescind the contract and refuse to make further deliveries; and that, if they believed the defendant had rescinded the contract for failure to pay on

demand, there could be no recovery, unless they further believed that it had agreed that the time for making the payments might be deferred.

The instruction given covers all the questions embraced in the instructions asked for by the defendant, and states the law upon those questions as favorably to the defendant as it asked or was entitled to. There was, therefore, no error in the court's refusing to give the defendant's instructions and in giving its own in lieu thereof upon the questions involved in them.

The instruction given by the court was also in lieu of the plaintiff's instructions, and told the jury that the measure of the plaintiff's damages, if they believed it was entitled to recover, was "the difference between the contract price and market price of the same kind and quality of lumber as that purchased, at the place and at the times provided for delivery under said contract, and if other lumber of the same kind and quality could not have been purchased at that place and at such times, then the market price of said lumber in the same locality or section of the country *plus the expense necessary to purchase the amount of lumber of the same kind and quality which was purchased from said defendant but was not delivered under said contract.*"

So much of the instruction quoted as is italicised is objected to, upon the ground that there was no evidence upon which to base it.

There is evidence tending to prove that the plaintiff made efforts to purchase lumber of like kind with that which the defendant failed to deliver, and the expense incurred in such efforts which included the cost of sending its agents along the Clinch Valley, the Columbus, and the Bristol Divisions of the Norfolk & Western Railway, was from six hundred to eight hundred dollars; and that the cost of purchasing and loading the lumber so purchased was about two dollars per thousand feet. But the evidence wholly fails to show the amount of lumber which it actually purchased to supply the place of that

which the defendant failed to deliver, and the reasonable and necessary expense of making such purchases.

The general rule is that, where a vendor fails to furnish the articles he has contracted to sell, the measure of damages is the difference between the contract price and the market price at the time and place of delivery, with interest from the time for delivery; and where the delivery is to be by installments, the value is to be estimated as of the time the several installments ought to have been delivered. *Enders* v. *Board, &c.,* 1 Gratt. 364; *Perry, &c. Co.* v. *Reynolds,* 100 Va. 264, 270; 40 S. E. 919; Mechem on Sales, sec. 1746. But, if for any reason there is no market at the place of delivery, the basis for estimating the damages of the vendee is the value of the article in the nearest available market to which the buyer may resort in order to supply himself, with the additional cost of transportation added, if any; and in the event the vendee does repurchase, and to the extent that he repurchases, the reasonable and necessary expense attending such repurchase is to be added. See Sutherland on Damages, sec. 651; Mechem on Sales, sec. 642; *Nottingham Ice Co.* v. *Preas,* 102 Va. 820, 822-3; 47 S. E. 823.

The evidence in this case, as before stated, does not show what repurchases were made, nor the expense attending the same. Where a vendee determines to repurchase the goods which his vendor has failed to deliver and to charge him with the expense of such repurchases, he ought to show with reasonable certainty the repurchases made, and the necessary and reasonable expense attending the same, as well as the price paid.

The evidence being insufficient to show with any reasonable certainty what repurchases had been made by the plaintiff, or what expense it had reasonably incurred in making them, the instruction given by the court erred in telling the jury that they might take that matter into consideration in ascertaining the plaintiff's damages.

The other objection to the instruction given by. the court is, we think, without merit.

The court is of opinion that the judgment complained of should be reversed, the verdict set aside, and the cause remanded for a new trial not to be had in conflict with the views expressed in this opinion.

*Reversed.*