## Wytheville

### Richardson Construction Co. v. Whiting Lumber Company.

#### June 11, 1914.

1. Set-Offs—*Failure to Deliver Goods—Indebitatus Assumpsit—Sales.*—When a vendor fails or refuses to deliver personal property, the measure of damages is usually the difference between the contract price and the market price, at the time and place of delivery, with interest, and the vendee for his own protection has the right, under the circumstances, to buy the goods in the open market, and charge the difference in price to the vendor's account. In such case the law implies a promise on the part of the vendor to repay the money which the vendee has been compelled to pay for him, and for it *indebitatus assumpsit* will lie. The liability of the vendor, whether technically liquidated or not, is so far susceptible of definite proof as to be a valid set-off against a money demand asserted by the vendor against the vendee. The right to maintain *indebitatus assumpsit* for a claim is a test in favor of its allowance as a set-off.

2. Set-Offs—*Statute of—Liberal Construction.*—The statute of set-offs is to be liberally construed in furtherance of its obvious policy to prevent a multiplicity of suits, and as far as it can be conveniently done to effectuate in one action complete justice between the parties.

Error to a judgment of the Circuit Court of the city of Suffolk in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Jeffries, Wolcott, Wolcott & Lankford,* for the plaintiff in error.

*R. Randolph Hicks,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This suit was brought by the Whiting Lumber Company to recover of the defendant construction company $695.71, alleged to be the balance due upon certain bills of lumber actually delivered by the plaintiff to the defendant. The defendant filed a special plea of set-off for the sum of $686.45 against the plaintiff's demand, asserting in the plea that one of the bills of lumber that the plaintiff had agreed to sell to it at a stipulated price was not delivered, and that by reason thereof the defendant was compelled to go upon the market and purchase other lumber of the same kind, the market price being higher than the contract price, the difference, plus the actual expenses incurred in so doing, aggregating the amount claimed as an offset.

After permitting this plea to be filed, the court, upon motion of the plaintiff, struck it out, upon the ground that it set up a claim to unliquidated damages that could not be set-off against the plaintiff's demand. The plea being stricken out, the whole matter was submitted to the court. The evidence offered in support of the offset was rejected, and judgment given for $524.71 in favor of the plaintiff.

The sole question presented is whether the defendant can set-off against the balance due the plaintiff for lumber furnished its claim for the difference between the contract price and the market price of a bill of lumber which the plaintiff failed to deliver to the defendant.

When a vendor fails or refuses to deliver personal property, the measure of damage is usually the difference between the contract price and the market price at the time and place, with interest, and the vendee, for

his own protection, has the right, under such circumstances, to buy the goods in the open market and charge the difference in price to the vendor's account. *Perry Tie Co.* v. *Reynolds,* 100 Va. 264, 40 S. E. 919; *Coal & Ice Co.* v. *Preas.* 102 Va. 820, 47 S. E. 823; *Long Pole Co.* v. *Lime Co.,* 108 Va. 497, 62 S. E. 349.

The amount that the vendee is entitled to recover under the circumstances mentioned is as susceptible of certain and definite ascertainment and proof as is the price agreed upon between the parties. It does not rest upon mere opinion but upon existing facts that furnish a basis for calculation and computation. The law implies a promise on the part of the vendor to repay the money which the vendee has been compelled to pay for him, and in such case *indebitatus assumpsit* will lie.

As to what may be recovered under *indebitatus assumpsit* Mr. Burks, at p. 129 of his work on Pleading and Practice, says: "In general, when the plaintiff shows that he, either by compulsion of law, or to relieve himself from liability, or to save himself from damage, has paid money which the defendant ought to have paid, the count for money paid will be supported; and when money has been paid for the use of the defendant, the request necessary to sustain a recovery may be either express or implied; and the request, as well as the promise, will be implied when the consideration consists in the plaintiff's having been compelled to do that to which the defendant was legally compellable, or where the defendant has adopted and enjoyed the benefit of the consideration."

We are of opinion that the claim asserted by the defendant in its plea, whether technically liquidated or not, was so far susceptible of definite proof as to be set-off against the plaintiff's demand.

As said in *Quarry Co.* v. *Scott,* 105 Va. 160, 52 S. E.

835, 115 Am. St. Rep. 864, "Set-offs are to be encouraged; they lessen litigation by preventing circuity of action."

In the case cited, quoting from Waterman on Set-Off, it is further said: "It is not necessary, in order to constitute a valid set-off, that a price should be agreed upon for an article sold and delivered. Therefore, a demand for the value of the corn delivered may be set-off, though the price of the corn had not been agreed on. The fact that the price had not been agreed on did not make it a case of unliquidated damages, within the sense in which these terms, have been used in expounding the English statutes. The defendant's demand was for money, the value of the corn. For its recovery *indebitatus assumpsit* could be maintained, and this furnished a test in favor of its allowance as a set-off."

In 34 Cyc. 694, it is said: "Other cases hold that, although unliquidated damages to be ascertained by the discrection of a jury cannot be set-off, unliquidated damages to be assessed upon pecuniary demands, as for goods sold and delivered, work and labor done, and in all cases where debt or *indebitatus assumpsit* would lie may be set-off, as the law prescribes a definite rule by which the amount of such money demand shall be ascertained, which can be shown by the testimony of witnesses acquainted with the market, and determined by computing the difference between the contract price and market value."

The statute is to be liberally construed in furtherance of its obvious policy, which is to prevent a multiplicity of suits, and as far as conveniently can be done to effectuate in one action complete justice between the parties. *Allen* v. *Hart,* 18 Gratt (59 Va.) 722.

In conclusion, we are of opinion that the defendant clearly had the right to prove the claim asserted in his

plea, and to offset the same against the demand of the plaintiff. As said in *Quarry Co.* v. *Scott, supra,* there is no reason or propriety in driving these parties to cross actions and to compel the claim to be settled in two suits, when full and equal justice can be awarded to each in one suit.

The judgment complained of must be reversed, and the case remanded for further proceedings not in conflict with the views herein expressed.

*Reversed.*