## Richmond.

## Joseph H. Baker & Company, Inc., v. George D. Hartman.

### September 25, 1924.

1. Sales—*Setoff, Recoupment and Counterclaim—Liquidated and Unliquidated Damages—Case at Bar.*—In the instant case plaintiff sold defendant three carloads of potatoes. The first two cars were paid for before the last car was purchased, each sale being an independent transaction, with no connection save that the purchaser and seller were the same in each instance. Defendant refused to pay for the third and last car unless plaintiff would allow certain damages claimed to have been sustained by reason of the bad quality of the potatoes shipped in the first two cars. On motion by plaintiff to recover the amount due on the last car, the court refused to allow defendant to plead by way of setoff damages sustained by it in the purchase of the other two cars.

   *Held:* That the question of whether the court erred depended upon. whether the damages were liquidated or unliquidated. If liquidated, they might be set up in the action; if unliquidated, they could not be.

2. Setoff, Recoupment and Counterclaim—*Section 6145 of the Code of 1919—Claim not Growing out of the Contract Sued upon.*—Defendant cannot avail himself of setoff and counterclaim under section 3299 of the Code of 1887, section 6145 of the Code of 1919, unless such claim grows out of the contract sued on.

3. Setoff, Recoupment and Counterclaim—*Section 6145 of the Code of 1919—Unliquidated Damages—Case at Bar.*—In the instant case plaintiff brought his action to recover for the purchase price of a carload of potatoes. Defendant pleaded by way of setoff a claim for damages to two other carloads of potatoes previously bought from plaintiff. These damages contained such items as: "Labor at Norfolk account of rots and frosted," "loss account frosted and No. 2 potatoes," when only No. 1 was bought, "profit on car," never sold, etc.

   *Held:* That these and many other entries set out in the plea were speculative, uncertain, and largely dependent upon the wisdom and judgment of the party asserting the claim, and that the damages attempted to be recovered against the plaintiff were unliquidated.

Error to a judgment of the Circuit Court of Accomac county, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Alfred Anderson, Thomas W. Shelton* and *Turlington & Doughty*, for the plaintiff in error.

*James E. Heath*, for the defendant in error.

McLEMORE, J., delivered the opinion of the court.

On November 6, 1920, November 20, 1920, and December 2, 1920, Joseph H: Baker & Company, Inc., the petitioner (hereafter referred to as defendant), purchased from George D. Hartman, the appellee (hereafter called the plaintiff), one carload of potatoes—a total of three cars.

[1] The two cars bought in November were paid for before the last car was purchased. Each sale being an independent transaction, with no connection save that they were bought by the same corporation, from the same party.

The defendant refused to pay for the third and last car unless plaintiff would allow certain damages claimed to have been sustained by reason of the bad quality of the potatoes shipped in the first two cars on November the 6th and 20th. A motion to recover the amount due was brought in the Circuit Court of Accomac county. which resulted in this writ of error. A special plea setting up the items of defense above referred to was in effect rejected by the court, "except in so far as the items of setoff claimed in said plea relate to the car of

potatoes sued on," thus limiting the consideration by the jury to such damages as grew out of the sale of the car of December 2nd, and this brings us to a consideration of the sole question presented by the record in this case. Did the trial court err in refusing to allow defendant to plead by way of setoff damages sustained by it in the purchase of two other cars of potatoes from the plaintiff under the conditions heretofore described?

It is a *concessum* in the case, that the answer to this question depends upon whether or not the damages set up in the plea are liquidated or unliquidated. If liquidated, they may be recovered in this action; if unliquidated, they cannot be. Virginia Code, 1919, section 6145.

[2] *Richmond College* v. *Scott-Nuckols*, 124 Va. 342, 98 S. E. 4:

"It is well settled in this State," says Prentis, J., "that the defendant cannot avail himself of setoff and counterclaim under that section (3299), unless such claim grows out of the contract sued on."

It is not always easy to determine with accuracy the point where unliquidated damages terminate and liquidated begin, but we think a brief consideration of some of the items set up in the plea will render it comparatively easy in this case to determine in which classification they belong.

"Loss account frosted and No. 2 potatoes....$109.70
"Charged back to you, account of condition of potatoes in this car and back haul of same account of rejection." (Sundry items among them) "labor at Norfolk reworking ---------------------------------------- 57.75
"Loss of rotten potatoes, 46 bags, $2.37------ 109.02
"Labor paid Haycock & Lewis account of sorting out frosted and cull potatoes-------- 51.50
"Profits on car------ ---------------------------------- 71.94"etc.

These entries picked more or less at random from the defendant's statement of its claim as set out in the plea of offset, and all of which arose out of the sale of the two cars of November 6th and November 20th, give a fair idea of the character of the items of the plea which defendant asserted against the plaintiff, not only in settlement of the action of the plaintiff, but with the view of recovering over against the plaintiff a considerable sum in excess of his claim.

The damages demanded in the plea are either due to the inferior quality of the goods contracted for, the extent of the deterioration, and amount of damages resulting therefrom, being subjects of inquiry and determination by a jury, or are such as are claimed to be the *result* of the shipments of inferior goods, namely: "Profits on car $71.94" which was never sold, and, therefore, no profits actually ascertained.

As was said by Judge Sims in *New Idea Co.* v. *Rogers & Sons*, 122 Va. 65, 94 S. E. 354:

"It is true that if the amount of the claim of the defendants is so unliquidated that it cannot be ascertained by computation or calculation from definite data supplied by the evidence, and lies in mere opinion, 'as, for instance, damages for not using a farm in a workmanlike manner; for not building a house in a good and sufficient manner; on a warranty for the sale of a horse; for not skillfully amputating a limb; for carelessly upsetting a stage, by which a bone is broken; for not making repairs to a dwelling house; for unskillfully working raw materials into a fabric; and other cases of like character, where the amount to be settled rests in the discretion, judgment or opinion of the jury,' such claim cannot be setoff under such statute."

Counsel for defendant relied upon the case of *Richardson Construction Co.* v. *Whiting L. Co.*, 116 Va. 493,

82 S. E. 87, but we find nothing in that case in conflict with the conclusions which we have reached. The facts in the two cases are so dissimilar that the decision in one gives no aid in reaching a conclusion in the other. Where there is a failure to deliver or to accept goods for which there is an open market, and well accepted method of ascertaining the value of the place of delivery or acceptance, the amount of damages resulting from the breach is a matter of mathematical calculation, and in such cases the damages are liquidated. And that is in substance the conclusions reached by the court in *Richardson Construction Co.* v. *Whiting L. Co.*, 116 Va., where on page 492, 82 S. E. 88, it is said:

"The amount that the vendee is entitled to recover under the circumstances mentioned is as susceptible of certain and definite ascertainment and proof as is the price agreed upon between the parties. It does not rest upon mere opinion but upon existing facts that furnish a basis for calculation and computation. The law implies a promise on the part of the vendor to repay the money which the vendee has been compelled to pay for him, and in such case *indebitatus assumpsit* will lie."

But that is far from the facts as presented by the record in the case under consideration.

Here we have such items as:

"Labor at Norfolk account of rots and frosted,"

"Loss account frosted and No. 2 potatoes" when only No. 1 was bought,

"Profit on car" never sold,

"Charged back to you, account of condition of potatoes in this car and back haul of same account of rejection."

[3] That these and many other entries of like import set out at length in the plea are speculative, uncertain and largely dependent upon the wisdom and judgment

of the party asserting the claim and relate to matters about which there will always be the widest differences of opinion among men of equal intelligence and fairness, would seem to us to be self evident. We think there can be no doubt but that the damages attempted to be recovered against the plaintiff are unliquidated and that the trial court was clearly right in so holding and in declining to set aside the verdict of the jury, and its judgment is affirmed.

*Affirmed.*