## DRUCKMAN v. FORSYTH FURNITURE LINES, Inc.

Circuit Court of Appeals, Fourth Circuit. October 18, 1927.

No. 2629.

1. **Continuance** ⊛⟹7—**Continuance is in trial court's discretion.**

Continuance of cause rests in sound discretion of trial court.

2. **Continuance** ⊛⟹12—**Trial judge properly exercised discretion in denying continuance for defendant's illness, together with inability of counsel to attend.**

Trial judge *held* to have properly exercised his discretion in denying continuance because of defendant's illness and inability to attend trial, together with inability of one of counsel to be present, in view of circumstances bearing on bona fides of application.

3. **Damages** ⊛⟹1—**Damages are allowed for breach of contract as compensation.**

Damages are allowed for breach of contract as compensation to injured party.

4. **Sales** ⊛⟹384(1)—**Interest was properly allowed on damages recovered for breach of contract.**

On recovery of damages for breach of contract in amount of difference between agreed and market price, interest was properly allowed as part of compensation for wrong done.

In Error to the District Court of the United States for the Western District of North Carolina; Edwin Y. Webb, Judge.

Action by the Forsyth Furniture Lines, Inc., against A. M. Druckman. Judgment for plaintiff, and defendant brings error. Affirmed.

David L. Podell, of New York City, and F. P. Hobgood, Jr., of Greensboro, N. C. (Sidney S. Alderman, of Greensboro, N. C., on the brief), for plaintiff in error.

J. H. Clement, of Winston-Salem, N. C. (Fred S. Hutchins, of Winston-Salem, N. C., on the brief), for defendant in error.

Before PARKER and NORTHCOTT, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

ERNEST F. COCHRAN, District Judge. The plaintiff in error was the defendant, and the defendant in error the plaintiff, in the District Court. They will be referred to as they appeared in that court, namely, as plaintiff and defendant respectively.

The plaintiff brought this action in 1920 for damages for the breach of a contract for the sale of certain property. The damages claimed were the difference between the agreed and the market price. The case was tried in the District Court, and the court directed a verdict for the defendant; but upon a writ of error this court reversed that judgment (Forsyth Furniture Lines, Inc., v. Druckman, 8 F.[2d] 212, 47 A. L. R. 185), and the case was remanded for a new trial. The new trial resulted in a verdict for the plaintiff, and the present writ of error assigns two errors: First, error in refusing the defendant's motion for a continuance; and, secondly, error in allowing interest on the difference between the market price and the agreed price.

On the first day of the term at Greensboro, namely, February 7, 1927, the District Judge called over the calendar of cases set for trial at that term, and the counsel of record for the defendant, F. P. Hobgood, Jr., and Sidney S. Alderman, presented defendant's motion for continuance on two grounds: First, that the defendant was ill and physically unable to be present at the trial; and, second, that his New York counsel, David L. Podell (defendant being a citizen and resident of New York City), was unable to appear, on account of the condition of his wife. The motion was supported by a certificate from a New York doctor, stating in substance that the defendant was under his professional treatment and suf-

fering from rheumatic arthritis, so that he could not be up for any considerable length of time and that it would take several weeks before he would be able to leave town. The certificate did not state any date when such condition obtained, and was not verified. The counsel also presented a telegram dated February 4, 1927, from Mr. Podell, stating in substance that Mrs. Podell might have to go to the hospital any day, and requesting a continuance. The motion for continuance was resisted by the plaintiff and was overruled by the court, and the case ordered for trial when it should be reached in its regular order upon the calendar.

The case was reached in its order on the calendar on February 10, 1927, and Messrs. Hobgood and Alderman announced that the defendant was not ready for trial by reason of the absence of the defendant and the absence of Mr. Podell. The court stated that the cause had been on the trial docket of the court since 1920; that the counsel for plaintiff had been present with its witnesses at numerous times and at great expense and the cause had been continued for the defendant a number of times; that the defendant had filed certificates stating that he was ill and could not attend court prior to this time, and the cause had been continued for the defendant for this reason; that the cause had been tried previously in that court and carried to the Circuit Court of Appeals, where it was remanded to the District Court, and that Mr. Podell had never appeared in the cause, and the court did not feel that the cause should be continued further, as the plaintiff had been trying for seven years to get the cause heard. There is nothing in the record to show, nor was any claim made before us, that the facts upon which the court based its ruling are not correct.

Upon the ruling of the court that the cause must proceed, Messrs. Hobgood and Alderman, the counsel of record for the defendant, announced in open court that they were not authorized by the defendant to appear for him in said trial in his absence and in the absence of his New York counsel, and they thereupon withdrew from the cause and left the courtroom. The case was then submitted by the court to a jury, and upon the evidence adduced and under the instructions of the court, the jury found a verdict for the plaintiff, with interest.

At a later period in the term, a motion to set aside the verdict and for a new trial was made on the same ground of the defendant's illness and inability to attend the trial, and in support thereof the defendant offered his own affidavit and an affidavit of his wife and two doctors, relative to his condition at the time of the trial. These affidavits gave dates and set forth the facts with more particularity than the certificate presented on the motion for continuance. This motion was overruled by the court.

[1, 2] It is unnecessary to cite the numerous decisions which hold that a continuance of the cause rests in the sound discretion of the trial court. The judge who has had the cause before him for a number of years, and who has the attorneys before him, is of course in much better position to determine whether an application apparently fair on its face is in reality not bona fide, but for purposes of delay, than any appellate tribunal could possibly be. In this case, the same judge who heard the case originally and before whom the various motions for continuance had been made, presided at the last trial, and heard the motion for the continuance. We see nothing in the record before us to justify the conclusion that his discretion was not properly exercised.

[3, 4] The second question concerns the allowance of interest. Damages are allowed by law for breach of contract as a compensation to the injured party. It is perfectly obvious that if a party can breach his contract which requires him to accept and pay for certain property and can escape by the payment simply of the difference between the market price and the agreed price, without any allowance of interest for the months or years that may have elapsed during which he has failed to pay this difference, the aggrieved party has not been adequately compensated for the wrong done. It hardly needs the citation of authorities to show that such a theory is consonant neither with reason nor justice. We are, however, not left without high controlling authority. The Supreme Court of the United States has recently passed upon this very question in the case of Miller v. Robertson, 266 U. S. 243, 257, 258, 45 S. Ct. 73, 78 (69 L. Ed. 265). That case was a suit in equity, brought under section 9 of the Act of Congress approved October 6, 1917, known as the "Trading with the Enemy Act," c. 106, 40 Stat. 411, 419 (Comp. St. § 3115½e), to establish a claim for damages alleged to have resulted to the seller from the buyer's breach of a contract for the purchase of zinc ore. The court held that the elements necessary to a calculation of the amount the seller was entitled to have to make it whole were known

or ascertainable and that interest was properly allowed. Upon that question the court said:

"Compensation is a fundamental principle of damages, whether the action is in contract or in tort. Wicker v. Hoppock, 6 Wall. 94, 99 [18 L. Ed. 752]. One who fails to perform his contract is justly bound to make good all damages that accrue naturally from the breach; and the other party is entitled to be put in as good a position pecuniarily as he would have been by performance of the contract. Curtis v. Innerarity, 6 How. 146, 154 [12 L. Ed. 380]. One who has had the use of money owing to another justly may be required to pay interest from the time the payment should have been made. Both in law and in equity, interest is allowed on money due. Spalding v. Mason, 161 U. S. 375, 396 [16 S. Ct. 592, 40 L. Ed. 738]. Generally, interest is not allowed upon unliquidated damages. Mowry v. Whitney, 14 Wall. 620, 653 [20 L. Ed. 860]. But when necessary in order to arrive at fair compensation, the court in the exercise of a sound discretion may include interest or its equivalent as an element of damages. See Bernhard v. Rochester German Insurance Co., 79 Conn. 388, 397 [65 A. 134, 8 Ann. Cas. 298]; Frazer v. Bigelow Carpet Co., 141 Mass. 126 [4 N. E. 620]; Faber v. City of New York, 222 N. Y. 255, 262 [118 N. E. 609]; De La Rama v. De La Rama, 241 U. S. 154, 159, 160 [36 S. Ct. 518, 60 L. Ed. 932, Ann. Cas. 1917C, 411]; The Paquete Habana, 189 U. S. 453, 467 [23 S. Ct. 593, 47 L. Ed. 900]; Eddy v. Lafayette, 163 U. S. 456, 467 [16 S. Ct. 1082, 41 L. Ed. 225]; Demotte v. Whybrow [C. C. A.] 263 F. 366, 368."

We might rest the question of interest here without further discussion, but inasmuch as the defendant has very strenuously insisted that interest should not be allowed, and has cited a number of cases in support of this contention, we have very carefully considered those cases.

The case of Lewis v. Rountree, 79 N. C. 122, 28 Am. Rep. 309, was practically overruled in the later case of Bond v. Cotton Mills, 166 N. C. 20, 81 S. E. 936. The case of Fries, Beall & Sharp Co. v. Livingston, 56 App. D. C. 209, 12 F.(2d) 150, 152, is a decision by the Court of Appeals of the District of Columbia. The case was for breach of warranty in the sale of roofing material, and there were no means by which the damages could have been ascertained by reference to market value or otherwise. In the case at bar, the damages were ascertainable by reference to the market value.

The defendant cites also certain New York cases, namely, White v. Miller, 71 N. Y. 118, 27 Am. Rep. 13; Mansfield v. N. Y. Cent. Co., 114 N. Y. 331, 21 N. E. 735, 1037, 4 L. R. A. 566; Gray v. Cent. R. R., 157 N. Y. 483, 52 N. E. 555; Sloan v. Baird, 162 N. Y. 327, 56 N. E. 752; Faber v. City of New York, 222 N. Y. 255, 118 N. E. 609. But those cases disallowed the interest because there was no market value or other means by which the loss might be ascertained with reasonable certainty as of a fixed date. Here, as already stated, there was a market value by which the pecuniary loss might be ascertained with reasonable certainty on a fixed date, and those cases therefore are distinguishable.

But, even if it be assumed that the District of Columbia case and the New York cases cited are not distinguishable, and hold as contended for by the defendant that interest cannot be allowed in an action for damages for breach of contract for the sale of personal property, they are contrary not only to the decision of the Supreme Court of the United States, but the great weight of authority in the state courts and the Circuit Courts of Appeal. See Richardson, etc., v. Whiting, etc., 116 Va. 490, 82 S. E. 87; Perry Tie & Lumber Co. v. Rennolds, 100 Va. 264, 40 S. E. 919; Long Pole Lumber Co. v. Saxon Lime & Lumber Co., 108 Va. 497, 62 S. E. 349; McCarthy v. Nixon Grocery Co., 126 Ga. 762, 56 S. E. 72; Robinson v. O'Bannon Co., 25 Ga. App. 738, 105 S. E. 255; Davis v. New England Cotton Yarn Co., 77 N. H. 403, 92 A. 732; Cutting Fruit Packing Co. v. Canty, 141 Cal. 692, 75 P. 564; Murray v. Doud, 167 Ill. 368, 47 N. E. 717, 59 Am. St. Rep. 297; Nelson v. Cal Hirsch & Sons' Iron & Rail Co., 102 Mo. App. 498, 77 S. W. 590; So. Pac. Co. v. Arnett (C. C. A. 8th) 126 F. 75, 80; Chicago Ry., etc., v. Superior Charcoal Iron Co. (C. C. A. 6th) 12 F.(2d) 235.

There being no error, the judgment of the District Court is affirmed.