22-51-cv
Agoliati v. Block 865 Lot 300 LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

Chris Agoliati, Jerry Grigoli, Louis Piccone,

*Plaintiffs-Appellants*,

v.                                                    22-51

Block 865 LOT 300 LLC, John and Marla DiForte, Carmel McCarthy, Avery Gross,

*Defendants-Appellees*.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT AGOLIATI: | Chris Agoliati, *pro se*, Montville, NJ. |
| FOR PLAINTIFF-APPELLANT GRIGOLI: | Jerry Grigoli, *pro se*, Boca Raton, FL. |
| FOR PLAINTIFF-APPELLANT PICCONE: | Louis Piccone, *pro se*, Hawkesbury, Ontario, Canada. |

FOR DEFENDANTS-APPELLEES BLOCK 865 LOT 300 LLC, JOHN AND MARLA DIFORTE, AND CARMEL MCCARTHY: Christopher J. Albee, Votto & Albee PLLC, Staten Island, NY.

FOR DEFENDANT-APPELLEE GROSS: Avery J. Gross, *pro se*, Staten Island, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz II, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter is **REMANDED** for further proceedings.

Plaintiffs-Appellants Chris Agoliati, Jerry Grigoli, and Louis Piccone (collectively, "Plaintiffs"), proceeding *pro se*, sued Block 865 Lot 300 LLC ("the LLC") and four individuals (collectively, "Defendants"), asserting state tort and contract claims arising out of disputed title to real property in Staten Island, New York. The district court dismissed their complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Although the *Rooker-Feldman* doctrine is jurisdictional, the record suggests that jurisdiction may be lacking for a more fundamental reason: the absence of diversity jurisdiction. "[W]e are obliged to satisfy ourselves that jurisdiction exists," *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (internal quotation marks omitted), so we may "at any time . . . *sua sponte* delve into the issue of whether there is a factual basis to support . . . subject matter jurisdiction," *Velez v. Sanchez*, 693 F.3d 308, 314 (2d Cir. 2012) (cleaned up). "[W]e review questions of subject matter jurisdiction *de novo*" and are "not limited in our right to refer to any material in the record." *Id.* (internal quotation marks omitted).

The sole basis for federal subject-matter jurisdiction proffered in this case was 28 U.S.C.

§ 1332, under which federal courts have jurisdiction over controversies between "citizens of different States" or between "citizens of a State and citizens or subjects of a foreign state," where "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1), (2).

Diversity jurisdiction requires complete diversity: no plaintiff and no defendant may be citizens of the same state. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019). A party's citizenship for these purposes is considered at the time the complaint is filed. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570, 574–75 (2004). An individual's citizenship "is determined by his domicile," which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted).

Plaintiffs failed to plead complete diversity for three reasons. First, the operative amended complaint pleads that Piccone resides in Canada (as his brief in this Court confirms), without specifying whether he is a United States citizen or where he is domiciled. At oral argument, Piccone stated that he is a United States citizen and resides in Canada. He further suggested that he resides part time in Florida where he also holds a driver's license. If Piccone, a United States citizen, is domiciled in Canada, his presence in this case destroys diversity because "United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, so that § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (internal quotation marks omitted); *accord Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990) ("[A] suit by or against United States citizens domiciled abroad may

3

not be premised on diversity."). To the extent Piccone is domiciled in Florida, the existing record is insufficient to permit us so to conclude. *See Marakova v. United States*, 201 F.3d 110, 114 (2d Cir. 2000) ("A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."). At oral argument, Piccone also suggested that he is a dual United States and Canadian citizen. But that would not support diversity jurisdiction because "only the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)." *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991) (internal quotation marks omitted).

Second, Plaintiffs pleaded that Defendant Avery Gross works in New York, but failed to plead any facts about his residence, which is "indispensable" to domicile. *Palazzo*, 232 F.3d at 42 (internal quotation marks omitted). Third, Plaintiffs vaguely alleged that the LLC is a "New York" entity, without identifying its members. But for diversity purposes, a limited liability company "takes the citizenship of all of its members." *Platinum-Montaur*, 943 F.3d at 615. The complaint speculates that Gross may have been a member, and Gross's citizenship is in doubt, so the LLC's citizenship may also destroy complete diversity.

Further, it is not clear whether the amended complaint satisfies the amount in controversy requirement. "[A] plaintiff invoking federal jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Where, as here, multiple plaintiffs are asserting "separate claims," each plaintiff must satisfy this requirement individually. *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 933 (2d Cir. 1998) (quoting *Walter v. Northeastern R.R.*

4

*Co.*, 147 U.S. 370, 374 (1893)).   The amended complaint alleges generally and conclusorily that the amount in dispute exceeds $75,000, but it does not specify whether this is an amount claimed by each plaintiff or by Plaintiffs collectively.   Although we "recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy," the allegations here do not, on their face, satisfy the amount in controversy requirement.   *Pyskaty*, 856 F.3d at 223 (internal quotation marks omitted).

Accordingly, we remand the case pursuant to the procedures adopted in *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), with instructions for the district court to determine whether there is complete diversity of citizenship between Plaintiffs and Defendants and whether each of the Plaintiffs has satisfied the amount-in-controversy requirements of § 1332 in light of any additional materials the district court permits the parties to submit.   If the district court determines that it lacks diversity jurisdiction, it must dismiss the case without prejudice.   If it determines that there is diversity jurisdiction, either party may reinstate this appeal by submitting a letter to this Court so requesting no later than 10 days after the district court's determination.   The Clerk shall direct any such appeal to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5